Honorable Martin Hatcher State Senator Senate Chamber State of Colorado Denver, Colorado 80203
Dear Senator Hatcher:
This opinion letter is in response to your January 29, 1980 letter, in which you inquired whether a state legislator could be reimbursed for certain travel to his district, but not necessarily to his personal residence.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Does C.R.S. 1973, 2-2-317(2) authorize reimbursement for a state legislator's traveling expenses to his district or is such reimbursement limited to travel to his personal residence?
 My conclusion is that reimbursement for travel to a member's district is permitted.
ANALYSIS
C.R.S. 1973, 2-2-317(2) allows a state legislator to be reimbursed for "traveling expenses to his home and back to Denver once a week, pursuant to section 2-2-316."
C.R.S. 1973, 2-2-316 is a legislative declaration relating to legislators' travel to their homes and back to Denver, encouraging such travel as often as once a week during sessions of the general assembly. Such travel is encouraged to preserve the concept of part-time citizen legislators, to allow members a reasonable opportunity to attend to personal, family and business affairs, and to derive the benefits "from frequent contactbetween legislator and constituents." C.R.S. 1973, 2-2-316
(emphasis added).
Reimbursement is allowed for travel to and from "home." However, the statutes in question do not include a definition of "home." In my view, the term should be liberally construed in order that the true intent and meaning of the general assembly may be fully carried out. See C.R.S. 1973, 2-4-212. And because the statute appears to be ambiguous, it is necessary to consider "the object sought to be attained" and "the legislative declaration." C.R.S. 1973, 2-4-203(1)(a)(g).
It appears that the purpose of the statutes in question is to encourage members of the general assembly to travel back to their home districts for personal, business and governmental purposes.
Therefore, it is my opinion that a member is entitled to travel reimbursement under C.R.S. 1973, 2-2-317(2) when such travel is to the member's personal residence, or to his legislative district pursuant to legislative business, or to meet with or visit constituents. However, a reasonable construction would limit the maximum amount of such reimbursement to the amount it costs to travel to a member's personal residence.
SUMMARY
To summarize my opinion, a state legislator is entitled to travel reimbursement to his district, not just his personal residence, when such travel is for a legislative purpose, including meeting with constituents.
Very truly yours,
 J.D. MacFARLANE Attorney General
LEGISLATURE TRAVEL LEGISLATORS EXPENSES
C.R.S. 1973, 2-2-317(2) C.R.S. 1973, 2-2-316
LEGISLATIVE BRANCH Senate
A legislator is entitled to travel reimbursement for travel to his district, not just his personal residence, when such travel is for a legislative purpose, including meeting with constituents.